**SO ORDERED.**

**SIGNED this 27 day of September, 2013.**

_Randy D. Doub_

_____

**Randy D. Doub**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

**IN RE:**

**YNOT LLC,**                                          **CHAPTER 11**
                                                      **CASE NO. 12-07112-8-RDD**

      **DEBTOR.**


### ORDER CONVERTING CASE FROM CHAPTER 11 TO CHAPTER 7

Pending before the Court is the Motion to Convert Case to Chapter 7 filed by Vantage South

Bank (the "Bank") on June 12, 2013 (the "Conversion Motion"), the Recommendation in Support

of the Motion to Convert Case to Chapter 7 filed by the Bankruptcy Administrator on July 15, 2013

and the Debtor's Response and Objection to the Conversion Motion, filed by Susan M. Hutson

on behalf of YNOT, LLC on September 25, 2013. A hearing was held in Wilson, North Carolina

on September 25, 2013 to consider the Conversion Motion and the responses.[1]

On October 4, 2012, the Debtor, YNOT, LLC ("YNOT") filed a voluntary petition for relief

_____

[1]George F. Sanderson and John Branch, Counsel for Vantage South Bank, Ciara Rogers, Attorney for Chapter 11 Trustee, George Oliver, Chapter 11 Trustee, and C. Scott Kirk, Attorney for Bankruptcy Administrator, were present at the hearing and supported the Motion to Convert Case to Chapter 7.

under Chapter 11 of the Bankruptcy Code. Susan M. Hutson is an individual that resides in Haw River, North Carolina. Ms. Hutson owns two income producing residential and commercial rental properties in Alamance County, North Carolina. Along with retirement income, Ms. Hutson earns income from managing these properties and collecting rents. YNOT is a North Carolina limited liability company that owns commercial and residential real estate in Durham County and Alamance County, North Carolina. Ms. Hutson is the sole managing member and owner of YNOT. YNOT and Ms. Hutson earn income from collecting rents from the commercial tenants in the properties owned by YNOT. The Bank is the primary secured creditor and has liens on some, but not all of the commercial and residential real estate and rents generated from the properties.

YNOT and Ms. Hutson were represented by Counsel, William Janvier, at the commencement of this chapter 11 case. However, on January 2, 2013 Mr. Janvier filed a motion for withdrawal in both Ms. Hutson's individual bankruptcy case (Case No. 12-07111-8-RDD) and this case (Case No. 12-07112-8-RDD). An Order Granting Mr. Janvier's Motion to Withdraw was entered on February 1, 2013. On January 28, 2013, Scott Kirk, on behalf of the Bankruptcy Administrator, filed a Motion to Appoint a Chapter 11 Trustee. An Order was entered on January 30, 2013 appointing George Oliver as Chapter 11 Trustee in both cases. On February 20, 2013 an Order was entered granting Trustee's application to employ Oliver, Friesen, and Cheek, PLLC as Counsel for Trustee.

At the hearing, Counsel for Vantage South Bank requested that the Court convert this case to a Chapter 7 for the following reasons: (1) a substantial or continuing loss or diminution of the estate in that Ms. Hutson is interfering with efficient administration of the estate by the Trustee; (2) an absence of a reasonable likelihood of rehabilitation in that there is not an impaired class that will vote in favor of the plan, and the sole secured creditor, the Bank, has indicated it will not vote in

favor of the plan; and (3) an absence of a reasonable likelihood that a plan will be confirmed within the time frame established under 11 U.S.C. § 1112(b). Counsel for the Trustee represented that she supported conversion of the case to Chapter 7 because of an inability to effectively communicate with Ms. Hutson, administrative waste because of Ms. Hutson's inability to properly communicate and prepare the monthly reports, and Ms. Hutson's actions obstructing the Trustee's efforts to administer the estate and manage the rental properties in an efficient manner.

The Trustee and Counsel for the Bank represented that conversion to Chapter 7 would be the best method to preserve the equity that exists in several of the properties. The Trustee testified at the hearing that he informed Ms. Hutson in May of 2013 that the he would be taking control of and operating the rental properties without the assistance of Ms. Hutson. The Trustee further testified that, after being told to stand down from managing the properties, Ms. Hutson had the locks changed on one residential rental property after the Trustee had the locks rekeyed.   In addition, the Trustee testified that Ms. Hutson hired a contractor to resolve a tenant's complaint of a mold problem in a rental without notifying the Trustee. The Trustee also stated that his office was having to spend ten (10) hours a month correcting the monthly reports Ms. Hutson was submitting. Further, Ms. Hutson was failing to forward invoices to the Trustee so that he could pay them. The Bankruptcy Administrator also supported conversion of the case to Chapter 7 for the reasons stated by the Trustee.

Section 1112(b)(1) of the Bankruptcy Code states:

(1)  Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent *unusual circumstances* specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court ***shall*** convert a case under this chapter to a

> case under chapter 7 or dismiss a case under this chapter, whichever is in the best
> interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b) (emphasis added). The definition of "cause" under Section 1112(b) includes, substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

Section 1112(b) sets forth an important mechanism for converting those bankruptcy cases that can no longer further the fundamental policies of Chapter 11, which are "'preserving going concerns and maximizing property available to satisfy creditors.'" 7 COLLIER ON BANKRUPTCY, ¶ 1112.05[5][a], at 23 (16th ed. 2009).

The Court finds, pursuant to § 1112(b), that there is *cause* for converting this Chapter 11 case to Chapter 7. The Court finds that in May of 2013 the Chapter 11 Trustee informed Ms. Hutson that the Trustee would be taking control of and operating YNOT's rental properties. Contrary to the Trustee's direction, Ms. Hutson continued to engage in activities dealing with management of the property which were detrimental to and interfered with the Trustee's efforts.

The Court finds that there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. In this case, there is no dispute that YNOT will be unable to confirm any proposed plan of reorganization within the time frames established under § 1112(b). Moreover, there is not an impaired class that will vote in favor of the plan. Also, the sole secured creditor has indicated that it will not vote in favor of the plan.

Pursuant to § 1112(b)(1), Congress has taken the discretion away from the court if cause is established and no unusual circumstances are present. Based on the testimony given at the hearing, the Debtor has failed to establish that such unusual circumstances exist. Therefore, this case shall

Page 4 of 5

be converted to Chapter 7.  The Motion to Convert Case to Chapter 7 is **GRANTED**.

      **IT IS FURTHER ORDERED** that George Oliver is hereby appointed as the Chapter 7 Trustee to administer the estate and perform the duties set forth in 11 U.S.C. § 704.

      **IT IS FURTHER ORDERED** that Ms. Hutson shall fully cooperate with Mr. Oliver in his role as Chapter 7 Trustee and Ms. Hutson shall not go on or around any of the YNOT or Ms. Hutson's properties, or take any action regarding these properties unless given express permission by Mr. Oliver, with the exception of her residence at 1890 Cherry Lane, Haw River, North Carolina 27258.

      **SO ORDERED**.

**END OF DOCUMENT**
